United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. GREENE,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, et al.,<br><br>    Defendants. | Case No. 19-cv-07448-RS<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

Plaintiff John Greene brings this action against defendants U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"), Fay Servicing, LLC ("Fay"), and NBS Default Services, LLC ("NBS") (collectively, "defendants"). Greene alleges that, for a variety of reasons, defendants were not legally entitled to foreclose upon his home. His prior request for a Temporary Restraining Order ("TRO") was denied. He now moves for a preliminary injunction to prevent defendants from taking any further action pursuant to the foreclosure sale. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 12, 2019 is vacated. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

In November 2005, Greene borrowed $599,000 from World Savings Bank, secured by a

deed of trust recorded against his Pittsburg, California home.[1] In the following years, World Savings Bank changed its name to Wachovia Mortgage, and Wachovia Mortgage was converted to Wells Fargo Bank. In September 2013, Wells Fargo, via NBS, recorded a notice of default against the property. In the next five years, foreclosure was delayed as Greene filed for bankruptcy three times. Each of his bankruptcies was dismissed. When a relief from the automatic stay in Greene's third bankruptcy was granted, a notice of trustee's sale was recorded against Greene's home on September 20, 2018. The deed of trust was assigned from Wells Fargo to U.S. Bank on November 28, 2018.

In 2019, Greene filed for bankruptcy two more times. Both filings were eventually dismissed, the latter on September 18, 2019. Meanwhile, the foreclosure sale of Greene's home by U.S. Bank, via Fay, occurred on August 5, 2019, and a deed of sale was recorded on August 8, 2019. An eviction trial is scheduled to begin imminently in Contra Costa County Superior Court.[2] Greene filed the present action on November 12, 2019, moving for a TRO and/or a preliminary injunction to enjoin defendants "from taking action having legal effect based on the deed of trust, notice of default, notice of trustee's sale, and trustee's deed...including conducting a sale, rescheduling a new sale date, transfer of title, recordation of any liens, proceeding with an unlawful detainer action…or any other action based on a right arising out of the subject loan and deed of trust." The crux of his complaint is that defendants did not have authority to conduct the foreclosure sale, because Greene was not provided adequate notice of the transfers in interests

---

[1] Defendants request judicial notice be taken of publicly recorded documents pertaining to the property along with court filings from the related proceedings. Courts routinely take judicial notice of materials that fall within these two categories. *See, e.g.*, *Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012) (taking judicial notice of facts contained in notice of default as a public record); *U.S. ex rel Robinson Rancheria Citizens v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of other state and federal proceedings is appropriate when those proceedings directly relate to the matters at issue.) Defendants' request for judicial notice of Exhibits 1 through 15 from ECF No. 18 is therefore granted.

[2] Greene's application for a TRO stated that the trial was scheduled to begin on the date of the application: November 18, 2019. Defendants' motion opposing the preliminary injunction states that the trial is scheduled to begin December 3, 2019. Which of these dates is correct does not affect the disposition of the present motion.

between the various banks and loan servicers. His application for a TRO was denied, but the parties were instructed that Greene's motion for a preliminary injunction would be considered after the defendants responded.[3]

## III. LEGAL STANDARD

A court may issue a preliminary injunction to preserve the status quo pending trial. *L.A. Mem'l Coliseum Comm'n. v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Nonetheless, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (interpreting *Winter* and explaining that the "sliding scale" test for preliminary injunctive relief remains valid). "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Repub. of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (citations omitted).

## IV. DISCUSSION

**A. Likelihood of Success on the Merits**

---

[3] Greene was directed to serve the order denying the TRO upon defendants as they had not yet entered appearances in the case. Greene seems to have served his motion for a TRO on U.S. Bank alone on November 18, 2019. ECF No. 16. U.S. Bank and Fay, who appear to be represented by the same counsel in this action, jointly filed their opposition to the preliminary injunction. NBS has not filed anything, but it also does not appear to have been served. As the present order does not prejudice NBS's interests, it can be issued while NBS still has not received notice or entered an apperance. *Cf.* Fed. R. Civ. P. 65(a)(1) ("The court may *issue* a preliminary injunction only on notice to the adverse party." (emphasis added)). Greene is nevertheless reminded that he must serve *all* defendants in accordance with Fed. R. Civ. P. 4 or risk dismissal of his action.

Greene has not shown a likelihood of success on the merits because, as defendants rightly point out, his action is likely barred by *res judicata*. Greene has initiated two prior actions related to the present action, one in federal court, *Greene v. Wells Fargo Bank*, No. 18-cv-06689 ("First Action"),[4] and another in state court, *Greene v. Fay Servicing*, No. MSC19-00177 ("Second Action"). Both were dismissed with prejudice before the present case was filed.

Federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738 and Article IV section 1 of the U.S. Constitution. *Res judicata*, or claim preclusion, prohibits lawsuits on "any claims that were raised *or could have been raised*" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added)). To determine whether a state court judgment bars a federal action, a federal court must apply the *res judicata* law of the state in which the judgment was entered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under California law, *res judicata* bars claims "only if (1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding." *Zevnik v. Superior Court*, 159 Cal. App. 4th 888, 896 (2008).

Here, viewing the Second Action as the prior proceeding, all three elements are likely satisfied with respect to Greene's claims. First, the prior proceeding ended in a final judgment on the merits. A dismissal with prejudice is a final judgment on the merits under California law. *See Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 345 (Cal. 2010). The Second Action was dismissed with prejudice with respect to defendants U.S. Bank and Fay on October 9, 2019. Thus, the prior proceeding ended in a final judgment on the merits.

Second, the present action presents the same cause of action as the prior proceeding. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002) ("[A]ll claims based on the same

---

[4] Greene filed the First Action in Contra Costa County Superior Court initially, but the defendants removed the case to federal court.

cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."). "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the 'primary rights' theory." *Boeken*, 230 P.3d at 348. "[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* at 814.

Granted, Greene asserts in this action for the first time violations of federal law. Furthermore, this case concerns defendants' authority to foreclose, whereas the prior action concerned the process by which they foreclosed. The gravamen of Greene's complaint, however, is that foreclosure was wrongful, and his request for additional process is explicitly so that he may again challenge it. Despite being couched in different terms this time around, Greene's complaint makes clear the primary right at its core remains the same: "Any foreclosure activity, trustee sale or unlawful detainer actions of Defendants, and each of them, are improper, wrongful and without legal authority." "In California, a wrongful foreclosure constitutes an injury to a single primary right, regardless of the legal theory challenging the foreclosure." *Lomeli v. JPMorgan Chase Bank, N.A.*, No. 15-cv-04022, 2015 WL 12746210, at *5 (C.D. Cal. Oct. 5, 2015); *see also Le v. Bank of America, N.A.*, 585 Fed. App'x 362 (9th Cir. 2014) ("The district court properly dismissed the action as precluded by the doctrine of res judicata (claim preclusion) because Le alleged claims arising out of the same loan transaction and related foreclosure proceedings against the same defendant, or an entity in privity with the current defendants, in two prior federal actions in which there were final judgments on the merits."); *Zinni v. Jackson White, PC*, 565 Fed. App'x 613, 616–17 (9th Cir. 2014) ("To the extent that Plaintiffs' claims arise out of events flowing from the 2009 default and notice of sale, they are barred by claim preclusion because they arise from the same claim—M & I Bank's attempt to foreclose on Plaintiffs' loan—that was finally adjudicated on the merits by the district court"), *cert. denied*, 135 S. Ct. 711 (2014).

Moreover, the doctrine of *res judicata* bars claims that could have been brought in a prior suit "whether or not [they were] actually asserted or decided." *Ivanoff v. Bank of America, N.A.*, 9

Cal. App. 5th 719, 727 (2017). Greene *could have challenged* the defendants' authority to conduct a foreclosure sale in the Second Action. The sale took place while the Second Action was pending. The notice of trustee's sale was recorded, and Greene had notice of the wrong alleged in his complaint in the present case—namely that the deed of trust had been assigned without his knowledge from Wells Fargo to U.S. Bank—before the complaint in the Second Action was even filed. Thus, the present action presents the same cause of action as the Second Action.

Third and finally, the present action involves parties that are the same as, or were in privity with, the parties in the Second Action. "The concept of privity . . . refers to a mutual or successive relationship to the same rights of property, or to such an *identification in interest* of one person with another as to represent the same legal rights. *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 149 (2006) (internal citations omitted) (emphasis in original). "In the final analysis, the determination of privity depends upon the fairness of binding a party to the present proceeding with the result obtained in earlier proceedings in which it did not participate." *Id.* Moreover, "[a] party is adequately represented for purposes of the privity rule if his or her *interests are so similar* to a party's interest that the latter was the former's virtual representative in the earlier action." *Id.* at 150 (emphasis in original).

Greene, U.S. Bank, and Fay were all parties to the Second Action, and NBS was in privity with the other defendants. NBS's only role in the relevant facts was recording a notice of default on behalf of Wells Fargo in 2013. The state court's rulings on the bank's ability to foreclose impacted NSB as the executor of certain transactions. *See Tobin v. Nationstar Mortg., Inc.*, No. 16-cv-00836-CAS, 2016 WL 1948786, at * (C.D. Cal. May 2, 2016) (finding privity existed between Nationstar, not previously a named defendant, and U.S. Bank, named in a prior state court action, because "Nationstar currently services plaintiff's loan for U.S. Bank").

Thus, all three elements of *res judicata* are likely satisfied. As the proceedings unfold, Greene may be able to refute this conclusion by uncovering evidence that demonstrates, for example, that he simply could not have brought his present claims in either prior action. The facts in their current state, however, demonstrate that *res judicata* likely applies and therefore Greene is

1 not likely to succeed on the merits.

**B. Likelihood of Irreparable Harm**

As discussed in the order denying Greene's application for a TRO, he has not shown a likelihood of irreparable harm in the absence of a preliminary injunction. The foreclosure sale has already taken place. The only other "action" that Greene describes with any specificity is the impending eviction trial. To the extent that Greene seeks to prevent the enforcement of a judgment of eviction, no such judgment has yet been rendered—and thus there is no imminent harm. To the extent that Greene seeks to enjoin the proceeding itself, the federal courts cannot provide relief under the Anti-Injunction Act, as discussed in the order denying the TRO. *See* ECF No. 14. Greene does not indicate that any other imminent action by defendants is expected to occur; rather, the application for a preliminary injunction simply argues that defendants lacked standing to foreclose and thus should be barred from taking *any* action in connection with the completed sale. Thus, this factor also weighs against issuing a preliminary injunction.

**C. Balance of Equities**

The balance of equities tips sharply in Greene's favor. His home has already been foreclosed upon, and he is at risk of being evicted given the upcoming unlawful detainer trial. His repeated bankruptcy filings and two prior complaints evince that he is experiencing significant financial and medical hardship. Even if Greene were ultimately to prevail on the merits and obtain injunctive relief, an eviction while these proceedings are ongoing would undoubtedly exacerbate these hardships. Greene will thus suffer greatly in the absence of a preliminary injunction. Defendants, meanwhile, have not argued that they will suffer any hardship by the issuance of a preliminary injunction. While this one factor may not be enough to overcome the others, then, that the absence of a preliminary injunction will cause Greene more hardship than the presence of one would cause defendants is duly noted.

**D. Public Interest**

The public interest factor appears largely neutral, given "the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties." *Stormans, Inc. v. Selecky*,

586 F.3d 1109, 1138–39 (9th Cir. 2009) (internal quotation omitted). No party argues that there exists any public interest in this matter.

## V. CONCLUSION

While the balance of equities tips in Greene's favor, he has shown neither a likelihood of success nor imminent, irreparable harm. A preliminary injunction is not appropriate in this instance. His motion is therefore denied, without prejudice to the merits of his claims.

**IT IS SO ORDERED**.

Dated: December 4, 2019

_____
RICHARD SEEBORG
United States District Judge